SUPREME COURT OF ARIZONA

SETH LEIBSOHN, an individual; ) Arizona Supreme Court
CENTER FOR ARIZONA POLICY ACTION, ) No. CV-22-0204-AP/EL
a nonprofit corporation; )
ARIZONA FREE ENTERPRISE CLUB, a ) Maricopa County
nonprofit corporation; GOLDWATER ) Superior Court
INSTITUTE FOR PUBLIC POLICY AND ) No. CV2022-009709
RESEARCH, a nonprofit )
corporation; and AMERICANS FOR )
PROSPERITY, a nonprofit )
corporation )
)
            Plaintiffs/Appellants, )
)
                    v. )
)
KATIE HOBBS, in her capacity as )
the Secretary of State of )
Arizona, )
)
            Defendant/Appellee, )
)
VOTERS' RIGHT TO KNOW, a )
political committee, )
)
 Real Party in Interest/Appellee. )
_____) **FILED 08/24/2022**


**DECISION ORDER**

Before the Court is an expedited election appeal regarding the
"Voters' Right to Know Act" (Serial Number I-04-2022), a proposed
initiative for the November 8, 2022 General Election.  The Act seeks
to enact statutes that eliminate dark money practices by requiring
public disclosure of the original sources of contributions of over
$5,000 to fund campaign media spending in an election cycle.

Appellants challenged the legal sufficiency of the petitions of
certain circulators, initially raising four objections but pursuing

only two objections on appeal. Relevant here, Appellants argued: (1) certain circulators were not properly registered under A.R.S. § 19-118 because they failed to submit a new or updated affidavit with their registration application specific to I-04-2022 as required by A.R.S. § 19-118(B)(5); and (2) certain circulators who reside in multiunit structures were not properly registered under A.R.S. § 19-118 because they failed to provide a residence address that included a relevant unit number. After an evidentiary hearing, the superior court denied these two objections. Appellants timely appealed.

The Court, en banc, has considered the briefs and authorities in the record, the superior court's ruling, and the relevant statutes and case law in this expedited election matter.

The Court unanimously finds that A.R.S. § 19-118 does require each circulator to submit a separate affidavit as one of five required items in each registration application submitted for each petition he or she circulates. But any circulators' lack of compliance with § 19-118 does not invalidate the signatures gathered by these circulators on the record and circumstances before us.

The Circulator Portal established by the Secretary of State's Office (SOS), which was in operation at the time the Governor and the Attorney General approved the 2019 Elections Procedures Manual pursuant to A.R.S. § 16-452, by design does not permit the submission of more than one affidavit per circulator. *See* Declaration of Kori Lorick 5. By also refusing to accept manual submission of a hard

copy affidavit, *see id.* at 3, the SOS rendered it impossible for circulators to successfully submit a registration application as required by § 19-118 for I-04-2022 if they had already registered to circulate other petitions.

The Court unanimously declines to find that the initiative committee, Voters' Right to Know, or any individual circulator failed to comply with § 19-118 when the SOS has prevented such compliance. A finding of non-compliance and disqualification of circulator signatures on this record and under these circumstances would "unreasonably hinder or restrict" the exercise of the initiative power under article 4, part 1, sections (1) and (2) of the Arizona Constitution. *Stanwitz v. Reagan*, 245 Ariz. 344, 348 ¶ 14 (2018), *as amended* (Nov. 27, 2018) (citation omitted) (internal quotation marks omitted). Therefore, signatures collected by such circulators in connection with I-04-2022 are not subject to disqualification.

We have every expectation that the SOS will remedy deficiencies in the submission of information through the Circulator Portal and accommodate the manual submission of required information in the interim. However, if an initiative committee seeks to submit the information required pursuant to § 19-118 and the SOS refuses to accept it, an aggrieved party should seek special action relief.

The Court further unanimously finds that § 19-118(B)(1) does not require a circulator residing in a multiunit structure to provide a unit number in connection with a residence address. Therefore,

circulators who did not supply a unit number nonetheless complied with the statute.

IT IS ORDERED affirming the superior court's judgment.

IT IS FURTHER ORDERED denying the parties' requests for attorney fees as there is no prevailing party.  *See* § 19-118(F).

A written Opinion detailing the Court's reasoning will follow in due course.

DATED this 24th day of August, 2022.

_____/s/_____
ROBERT BRUTINEL
Chief Justice


TO:
Thomas J Basile
Kory A Langhofer
Amy B Chan
Noah Gabrielsen
Joshua David Rothenberg Bendor
Joshua J. Messer
Travis Charles Hunt
Annabel Barraza
Spencer Garrett Scharff
Hon. Joseph P Mikitish
Hon. Jeff Fine
Alberto Rodriguez
Timothy A LaSota
Dominic Emil Draye